## Benjamin J. Rosenthal and Louis Eckstein, Appellees, v. Board of Education of the City of Chicago, Appellant.

### Gen. No. 19,869.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded with directions. Opinion filed December 22, 1914. Rehearing denied January 5, 1915.

### Statement of the Case.

Suit by Benjamin J. Rosenthal and Louis Eckstein against the Board of Education of the City of Chicago to enjoin the enforcement of an appraisal of two lots, made to determine the rental of such lots for the period of ten years, under certain leases. A decree was entered not granting the specific relief prayed for in the complainants' bill, but setting aside the appraisal and fixing the value of the premises and the rental to be paid, and the defendant appealed.

RICHARD S. FOLSOM and ANGUS ROY SHANNON, for appellant.

DONALD L. MORRILL and MAYER, MEYER, AUSTRIAN & PLATT, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 295*—*when reappraisal in action for injunction unauthorized.* In a suit to enjoin the enforcement of an appraisal of property under a lease, the action of the court in setting aside the appraisement and making a new appraisement is unauthorized when such relief was not sought by either party.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. LANDLORD AND TENANT, § 295*—*when tenants estopped to object to appraisal.* In a suit to enjoin the enforcement of an appraisal of school property under a lease, the conduct of the complainants in notifying the lessor of the assignment of the leases covering two lots, in occupying both lots jointly for their firm business, in paying rents for both lots in lump sums and in failing to notify the lessor of any transfers of the leases between themselves, operated as an equitable estoppel and prevented relief on the theory that the lots should have been appraised separately.

3. LANDLORD AND TENANT, § 295*—*when bill to enjoin appraisal will be dismissed.* A bill seeking to enjoin an appraisal of school property under a lease, on the theory that the two lots involved should be appraised separately, and that the joint appraisal was void, wherefore the rental for the ensuing ten years should under the lease, be the same as for the prior ten years, will be dismissed where it appears that the complainants made no such protest until after the appraisal and time for correction, and the lease provided that the lessees should be estopped from objecting to matters connected with the action of the appraisers unless objected to within thirty days.

4. LANDLORD AND TENANT, § 295*—*when bill to enjoin appraisal fails to show offer to do equity.* In a suit to enjoin an appraisal of school property under a lease, where the complainants contended that a joint appraisal of two lots was void, wherefore the rental under the lease should be the same for the ensuing ten years as for the prior ten years, but such complainants did not offer to pay rental in accordance with a reformed appraisal, there was no offer to do equity; and since the complainants did not show injury by the appraisal, the bill would be dismissed.

5. LANDLORD AND TENANT, § 294*—*when action of appraisers binding.* The action of appraisers in determining rental under a lease of school property is binding on the parties unless there is fraud or mistake.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.